IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| Plaintiff | * |
| | * |
| v | * Case: 97-CR-052-03(DRD) |
| | * |
| ALEXANDER FIGUEROA DELGADO | * |
| Defendant | * |
| _____ | * |

OPPOSITION TO DEFENDANT'S PRO-SE MOTION/LETTER REQUESTING
TO LOWER OR DELETE THE RESTITUTION
IMPOSED BY THE COURT

TO THE HONORABLE COURT:

    NOW COMES the United States of America represented by the undersigned attorneys and respectfully sets forth and prays as follows:

    1. On October 28, 1998 this Honorable Court issued a criminal judgment against the Defendant that entailed imprisonment, a special monetary imposition of $200.00 and a restitution in the amount of $3,248.97

    2. The Defendant has filed a PRO-SE motion/letter requesting, in essence, to reconsider lowering or deleting said restitution due to his present economic situation.

    3. The United States opposes the Defendant's motion and does not accept defendant's grounds to lower or delete the restitution imposed by this Honorable Court based on the following:

    The Mandatory Victim Restitution Act was amended on April 24, 1996. This Honorable Court imposed a Criminal Judgment on

U.S.A. v Alexander Figueroa Delgado
Case: 97-CR-052-03 (DRD)
Page 2

October 28, 1998; that is, after the Act was already in effect.

Pursuant to 18 U.S.C. §3664(f)(1)(A) when imposing restitution the defendant's ability to pay, plays no roles. This provision of law states:

> "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant".

Accordingly, pursuant to said provision of law in the instant case the Court did not need to look at the Defendants's ability to pay when the restitution was imposed in the year 1998.

The fact that the Defendant alleges now that he has no ability to pay the restitution, is not a bar to the issuance nor to the enforcement of the order of restitution.

In addition, Title 18 U.S.C. §3613(f) makes civil remedies for satisfaction of unpaid fines applicable to restitutions. This provision of law states:

> "In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution".

Thus, according to 18 U.S.C. §3613(b) the government would have twenty years after the entry of the judgment or 20 years

U.S.A. v Alexander Figueroa Delgado
Case: 97-CR-052-03 (DRD)
Page 3

after the release from prison to collect the restitution so imposed. This section of the law states:

> "The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined."

In the alternative the Court could modify the conditions of supervised release so as to not make the payment of said restitution a condition of the supervised release. That way, the restitution would still be an imposition- as it would not be deleted nor altered in any way- and the United States Attorney's Office in accordance with 18 U.S.C. 3613(b), could continue to enforce its collection, even after the Defendant has finished with his supervision, making justice to the victim(s) in this case.

WHEREFORE the United States respectfully requests this Honorable Court to take notice of Plaintiff's objection and accordingly deny the Defendant's motion; and further, that this Court may issue any order it deems appropriate, in view of all the above.

CERTIFICATE: I hereby certify I have sent on this same date by regular mail copy of this document to defendant Alexander Figueroa Delgado, at Cumberland F.C.I.,14601 Burbridge Rd., SE, Cumberland, Maryland 21502; and attorney Enrique Velez , P.O. Box

```
U.S.A. v Alexander Figueroa Delgado
Case: 97-CR-052-03 (DRD)
Page 4
```

70351, San Juan, PR 00936.

At San Juan, Puerto Rico this 15th day of August, 2006.

        ROSA EMILIA RODRIGUEZ VELEZ
        UNITED STATES ATTORNEY

    S/ REBECCA VARGAS-VERA 203307
       ASSISTANT U.S. ATTORNEY
       TORRE CHARDON SUITE 1201
       350 Chardon Ave.
       Hato Rey, P.R. 00918
       Tel.(787) 766-5656
       Fax (787) 771-4049